## Class Assignment of Handicapped Children

ELMER T. BOLLA, Deputy Attorney General, and THOMAS D. McBRIDE, Attorney General, December 4, 1957.—You request advice concerning the interpretation of the law in the case of a difference of opinion

as to the proper class assignments * for a physically handicapped child. Specifically, you ask whose opinion takes precedence, that of a local board of school directors or that of a county board of school directors. In the specific case before you, the school district does not maintain a class for the physically handicapped whereas the county board does have such a class in operation.

Section 925 of the Public School Code of March 10, 1949, P. L. 30, as amended, 24 PS §9-925, provides for the maintenance of classes for handicapped children by county boards of school directors.

In our Official Opinion No. 21, Education of Handicapped Children, 13 D. & C. 2d 311, addressed to you and dated October 11, 1957, in construing section 925, we stated:

"The question, therefore, is whether the language in section 925, supra, vests exclusive power in the county board of school directors to conduct such educational facilities.

"The words 'whether or not conducted by the county board' as provided in section 925, supra, negative exclusive jurisdiction in the county board of school directors and evidences legislative intent that a local school district can, in its own right, conduct educational schools and classes for handicapped children as well as can the county board of school directors under certain circumstances . . ." and we held that:

". . . (1) the board of school directors of a school district of the second class shall follow the approved plan for the education and training of handicapped children and have the power and duty to provide and maintain classes and schools for handicapped children,

---

* By "class assignments" is meant the regular designation of studies to be pursued within a particular class by the students. It does not refer to the placement of students.

and when it does so, the county board of school directors does not have the power to provide and maintain the same type of school or class in that district; (2) where classes for handicapped children are conducted, according to the approved plan in school districts of the second class, then the county board of school directors can provide and maintain other additional classes where necessary; (3) where the school district of the second class does not maintain classes and schools for handicapped children, then the county board of school directors, with respect to school districts whose directors are eligible to vote at the election of members of the county board, shall have the power and its duty shall be to maintain such schools and classes in that district, and (4) the foregoing opinion and the same principles, as set forth in (1), (2) and (3), supra, are applicable to school districts of the third and fourth class."

Thus, a county board of school directors and the local board of school directors, separately and independently, maintain classes for the handicapped. There is no overlapping of such classes.

Section 1531 of the Public School Code, supra, 24 PS §15-1531, provides:

"Teachers in the public schools shall, under the direction of the proper superintendents of schools, grade and classify the pupils in their schools so that they may pursue the courses of study herein provided for, and all pupils found proficient may be promoted twice each year."

This section must be interpreted in conjunction with section 925.

A teacher's responsibility to act under the direction of the proper superintendent of schools, as provided in section 1531, supra, means that the teacher and not the local school board or the county board of school directors must grade and classify pupils. This function

necessarily includes the making of assignments to the pupils. Therefore, a difference of opinion between the two school boards is of no relevance in the making of class assignments.

We are of the opinion, and you are accordingly advised, that: (1) When classes for handicapped children are conducted by the county board of school directors, then the local board of school directors has no authority over the proper class assignments; (2) when classes for handicapped children are conducted by the local board of school directors, then the county board of school directors has no authority over the proper class assignments; (3) when the county board of school directors maintains classes for handicapped children, it is the teacher employed by the board, not the board itself, who does the grading, classification and promotion of the pupils; (4) when the local school board maintains classes for handicapped children, it is the teacher employed by the board, not the board itself, who does the grading, classification and promotion of the pupils; and (5) in view of our conclusions in (1), (2), (3) and (4), supra, the opinion of neither the county board of school directors nor the local board of school directors takes preference in the making of class assignments for handicapped pupils.